UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSE RAMIREZ                                                          PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:16cv627-DPJ-FKB

WARDEN UNKNOWN MARTIN, ET AL.                             DEFENDANTS


## REPORT AND RECOMMENDATION

This matter is before the Court on the Defendants' Motion to Dismiss, or, in the

Alternative, Motion for Summary Judgment [46] and related filings in this case brought pursuant

to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388

(1971) and 28 U.S.C. § 1331. Plaintiff has failed to respond to the motion.[1] For the reasons

explained below, the undersigned recommends that the motion be granted, and that this case be

dismissed.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Jessee Ramirez, Bureau of Prisons Register Number 31805-180, is currently

incarcerated at McCreary United States Penitentiary, located in Pine Knot, Kentucky. When he

filed this action, he was incarcerated in the United States Penitentiary in the Federal Correctional

Complex, located at Yazoo City, Mississippi.[2] Ramirez is currently serving a life sentence with

---

[1] Although the Clerk of Court docketed Ramirez's filing at [48] as a "Response in Opposition" to the motion to dismiss, the filing is styled as a motion for sanctions and fails to respond substantively to the motion to dismiss. Furthermore, Ramirez signed the filing at [48] on October 2, 2017, three days prior to the October 5, 2017, filing of the motion to dismiss by Defendants.

[2] The Federal Correctional Complex at Yazoo City, Mississippi, consists of three units:   FCI Yazoo City Low, a low security federal correctional institution with an adjacent minimum security satellite camp; FCI Yazoo City Medium, a medium security federal correctional institution; and U.S. Penitentiary Yazoo City ("USP Yazoo"), a high security U.S. penitentiary.

three (3) years of supervised release. [46-1] at 2. According to the filings, Ramirez's claims arise from events that transpired while he was incarcerated at USP Yazoo.

Plaintiff filed this action under 28 U.S.C. § 1331, seeking recovery of damages against Defendants pursuant to *Bivens*. Named as Defendants are Warden Unknown Martin, A.W. Gifford, A.W. Bradley, Unknown Ellis, Unit Team Leader Unknown Silva, Unit Team Leader Unknown Curry, Case Manager Unknown Pullum, Doctor Unknown Chambers, SIS Unknown Greer, Unknown Douthit, Unknown King, Unknown Stewart, Unknown Snyder, and several John Doe defendants. In sum, Ramirez alleges that Defendants violated his Eighth Amendment rights to adequate medical care for serious medical needs, his First Amendment rights related to filing grievances on behalf of himself and other inmates, his Fifth Amendment rights to due process and equal protection in the facilities in which he has been housed, and retaliation and discrimination relating to his conditions of confinement. Plaintiff seeks injunctive and monetary relief.

In response to the Complaint, Defendants filed the instant motion to dismiss, or in the alternative, motion for summary judgment. In their motion, Defendants argue, *inter alia*, that Plaintiff has failed to exhaust administrative remedies as to his claims. For the reasons explained below, the undersigned recommends that this case be dismissed without prejudice based upon Plaintiff's failure to exhaust administrative remedies.

## II. DISCUSSION

Defendants have moved for dismissal under Rule 12(b)(6) or, in the alternative, summary

judgment based on Rule 56 of the Federal Rules of Civil Procedure.[3]  Although Defendants have

raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to

state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that

basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226,

231-33 (1991)). As mentioned above, Defendants also assert, among other defenses, that

Plaintiff's complaint should be dismissed for his failure to exhaust administrative remedies.

A review of the relevant statutory and case law on exhaustion is instructive. With the

passage of the Prison Litigation Reform Act of 1996, Congress amended 42 U.S.C. § 1997e

regarding exhaustion of administrative remedies by prisoners. The relevant portion of § 1997e

states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison, or
> other correctional facility until such administrative remedies <u>as are available</u> are
> exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000)(emphasis added). In *Booth v. Churner*, the Supreme Court

held that 42 U.S.C. § 1997e requires an inmate to exhaust administrative remedies before

bringing an action with respect to prison conditions, regardless of the relief offered through

administrative procedures. *Booth*, 121 S. Ct. 1819, 1825 (2001). In *Porter v. Nussle*, the

Supreme Court reiterated its holding in *Booth* when it held that the PLRA's exhaustion

requirement is mandatory and applies to all inmate suits about prison life, whether they involve

general circumstances or particular episodes, and whether they allege excessive force or some

other wrong. *Porter v. Nussle*, 122 S. Ct. 983 (2002). *Porter* informs that:

---

[3]  Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary
judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed. R. Civ. P. 56(a).

> [o]nce within the discretion of the district court, exhaustion in cases covered by §
> 1997e(a) is now mandatory. *See Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct.
> 1819, 1490 L.Ed.2d 958 (2001). All "available" remedies must now be exhausted;
> those remedies need not meet federal standards, nor must they be "plain, speedy,
> and effective." Even when the prisoner seeks relief not available in grievance
> proceedings, notably money damages, exhaustion is a prerequisite to suit. And
> unlike the previous provision, which encompassed only § 1983 suits, exhaustion
> is now required for all "action[s] . . . brought with respect to prison conditions,"
> whether under § 1983 or "any other Federal law." Thus federal prisoners suing
> under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S. Ct.
> 1999, 29 L. Ed. 2d 619 (1971), must first exhaust inmate grievance procedures
> just as state prisoners must exhaust administrative processes prior to instituting a
> § 1983 suit.

*Porter*, 122 S. Ct. at 988 (some citations omitted). Furthermore, the Supreme Court has recently rejected any attempt to engraft a "special circumstances" exception into the PLRA's exhaustion requirement. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).

Turning to the present case, the records show that Ramirez filed seven administrative remedy requests while he was incarcerated at USP Yazoo. Two of them, Remedy ID 828572-A1 and Remedy ID 823277-A1, concerned events that transpired at another facility. [46-2] at 4. Three of the requests, Remedy ID 853928-F1, Remedy ID 853936-F1, and Remedy ID 854087-F1, concerned a sentence computation issue that is not a part of this action. [46-2] at 73-74. Remedy ID 850226-F1, which was denied, concerned inaccurate information in his central file, which is not a part of the claims asserted in this action. *Id.* at 72. Finally, Remedy ID 853126-R1, which alleges denial of administrative remedy procedures, was rejected for Plaintiff's failure to file an administrative remedy at the facility level. *Id.* at 72, 97. Instead of filing the request at the facility level, as required by the rules governing administrative remedies in federal prisons, Ramirez initially filed the request at the regional level. *See id.* at 97.

Although Ramirez has made several filings since the motion to dismiss was filed, he provides no evidence or argument to rebut Defendants' evidence that he failed to exhaust his

4

administrative remedies. See [48]; *see also* Plaintiff's Motion for Sanctions [49]; Motion to

Strike [50]; Letter [51]; Letter [54]; and Reply (Renewed Objection) [55]. Instead, he argues that

"the case is moot," [48] at 3, that there is "no need for Plaintiff to address any part of [the]

motion," [55] at 4, and that he "is not required to respond to. . .[a] moot motion to dismiss, or in

the alternative, for summary judgment." *Id.* at 7. The Court has thoroughly reviewed Plaintiff's

complaint and its attachments, the Defendants' motion with supporting attachments, and

Plaintiff's many filings. This review shows that, while Ramirez continues to contest, without a

basis in fact or law, defense of this action by the Assistant United States Attorney, he has failed

to respond to the substance of the motion to dismiss, and he has failed to exhaust his

administrative remedies.

As demonstrated by his history of filing administrative grievances, Plaintiff was well

aware of the administrative remedy process, but failed to comply with its rules. [46-2]. Despite

his arguments to the contrary, a prisoner cannot satisfy the exhaustion requirement "by filing an

untimely or otherwise procedurally defective administrative grievance or appeal" because

"proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81,

83-84 (2006). Likewise,

> claims of interference with the administrative remedy process, however, concern
> the enforcement of procedural rules for administrative grievances and the
> procedures followed by prison officials in resolving grievances[;] [t]hese
> assertions are insufficient to show that [Plaintiff] should be excused from
> exhausting his administrative remedies as inmates are required to "exhaust such
> administrative remedies as are available, whatever they may be."

*Zebrowski v. U.S. Federal Bureau of Prisons*, 558 F. App'x 355, 360 (5th Cir. 2014). Put another

way, "all 'available' remedies must now be exhausted; those remedies need not meet federal

standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 122 S. Ct. at 988. Plaintiff has

failed to meet this standard and, furthermore, has failed to respond to the motion to dismiss, or,

alternatively, summary judgment. Accordingly, Defendants are entitled to summary judgment, and Plaintiff's claims should be dismissed without prejudice.

<u>III. CONCLUSION</u>

For the reasons discussed in this Report and Recommendation, the undersigned recommends that Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment [46] be granted, and the complaint be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 11th day of June, 2018.

       /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE