UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSIE RAMIREZ                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:16-CV-627-DPJ-FKB

WARDEN UNKNOWN MARTIN, ET AL.                                                       DEFENDANTS

ORDER

Defendants in this *Bivens* action have moved to dismiss or for summary judgment on Plaintiff Jessie Ramirez's claims against them.  Mot. [46]; *see Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  United States Magistrate Judge F. Keith Ball entered a Report and Recommendation ("R&R") [57] recommending that the Court grant Defendants' motion and dismiss Ramirez's claims for failure to exhaust administrative remedies.  Ramirez's Objection [58] to the R&R wholly ignores the issue of exhaustion and instead re-urges previously rejected arguments regarding the alleged misconduct of defense counsel.  Because Ramirez has not shown that he exhausted available administrative remedies before filing this lawsuit, the Court adopts the R&R as the opinion of the Court and grants Defendants' motion to dismiss or for summary judgment.

In his well-reasoned R&R, Judge Ball explained the exhaustion-of-remedies requirement applicable to *Bivens* claims and concluded that Defendants had demonstrated that Ramirez failed to exhaust before filing this lawsuit.  In his Objection, Ramirez asserts that

> this case was rendered moot by Defendants' willful failure to 1) retain private counsel/representation; 2) to timely request representation from the Civil Division under 28 CFR § 50.15; and 3) to defend against this suit in a pro se capacity by July 7, 2017 and as ordered by this court.

Obj. [58] at 1–2.  Ramirez's complaints center on Assistant United States Attorney Angela Givens Williams's filing of a motion for extension of time to answer on behalf of Defendants

before the Department of Justice had approved representation for Defendants.  *See* Pl.'s Mot. [43].  When Ramirez previously brought this issue to the Court's attention, it found "that Ramirez has not been prejudiced by the application of [the U.S. Attorney's office's standard] practice in this case."  Order [45] at 3.  Ramirez's Objection [58] to the R&R does not change the Court's analysis of the issue.

But more importantly, Ramirez's Objection does not attempt to rebut Defendants' evidence of his failure to exhaust.  And that failure is fatal to his claims.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Thus federal prisoners suing under *Bivens* . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.").

It is, therefore, ordered that the Report and Recommendation [57] of United States Magistrate Judge F. Keith Ball is adopted as the opinion of this Court.  Defendants' Motion to Dismiss or for Summary Judgment [46] is granted, and this case is dismissed without prejudice for failure to exhaust.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 28th day of June, 2018.

s/ *Daniel P. Jordan III*<br>CHIEF UNITED STATES DISTRICT JUDGE